1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    Terry W Shepard,

11                             Petitioner,

12         v.

13    Jeffrey A. Uttecht

14                             Respondent.

CASE NO. 3:19-cv-05351-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  August 23, 2019

15

16    The District Court has referred this petition for a writ of habeas corpus to United States

17 Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. §

18 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4

19    Petitioner Terry W. Shepard filed his federal habeas petition on April 25, 2019 pursuant

20 to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 7.

21 The Court concludes that petitioner failed to properly exhaust his state court remedies as to all

22 grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore,

23 the Court recommends that the petition be dismissed without prejudice. The Court also

24

REPORT AND RECOMMENDATION - 1

1  recommends denying all petitioner's motion requesting the court rule on the petition (Dkt. 10) as

2  moot without prejudice.

### BACKGROUND

4      Petitioner is in custody under a state court judgment and sentence imposed for his

5  conviction by jury verdict for attempted rape in the second degree and two counts of indecent

6  liberties. Dkt. 13, Exhibits 1, 2. Petitioner was sentenced on October 26, 2018. *Id.* An order

7  correcting petitioner's sentence was filed with the clerk on November 1, 2018. *Id.*, Exhibit 2.

8  Petitioner's direct appeal is still pending in the Washington Court of Appeals. *See* Dkt. 12.

9  Respondent did not include a copy of petitioner's pending direct appeal, but references

10 Washington Court of Appeals cause number 52784-7-II. Dkt. 12 at 1. Petitioner filed this

11 petition on April 25, 2019. Dkt. 1.

12     Petitioner raises four grounds for relief all based on his claim he is unlawfully detained,

13 and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt.

14 7. On June 14, 2019, respondent filed an answer, wherein he asserts that petitioner has not

15 properly exhausted his available state court remedies. Dkt. 12. Respondent maintains that the

16 petition should be dismissed without prejudice for failure to exhaust state remedies. Dkt. 10.

17 Respondent acknowledges that the petition is not a mixed petition and argues that petitioner

18 failed to exhaust all his claims. Dkt. 12 at 4. Respondent does not address whether federal

19 intervention with petitioner's pending state criminal proceedings would be inappropriate under

20 the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). And the Court sees

21 no reason to make a determination on the *Younger* abstention issue at this time, since the matter

22 can be resolved without reaching that issue. Petitioner did not file a traverse. *See* Dkt.

23

24

1

**DISCUSSION**

2

**I.       Exhaustion**

3

"[A] state prisoner must normally exhaust available state judicial remedies before a federal

4

court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

5

Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a

6

meaningful opportunity to consider allegations of legal error without interference from the federal

7

judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state

8

courts one full opportunity to resolve any constitutional issues by invoking one complete round of

9

the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

10

Here, petitioner challenges his 2018 judgment and sentence, which is still pending in his

11

direct appeal in state court. Dkts. 7, 12. As petitioner's direct appeal is still pending, the state

12

courts have not had a full opportunity to resolve any constitutional issues. Moreover, because

13

petitioner's direct appeal is still pending, the time for filing a state court collateral challenge has

14

not expired. *See* RCW § 10.73.090. The Court also notes that the state court may resolve

15

petitioner's direct appeal in his favor, which could moot this petition. Therefore, the Court finds

16

that petitioner's claims should be dismissed without prejudice because he has not exhausted the

17

state court remedies.

18

Because the state courts have not yet had a full and fair opportunity to consider the merits

19

of petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas

20

review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of

21

state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the

22

'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned

23

recommends that the petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed.

24

1 | Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without

2 | prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he

3 | filed his § 2254 petition).

4 | **EVIDENTIARY HEARING**

5 | The decision to hold an evidentiary hearing is committed to the Court's discretion.

6 | *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

7 | hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

8 | entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

9 | available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

10 | state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

11 | entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

12 | record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

13 | court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

14 | hold an evidentiary hearing in this case because, as discussed in this report and recommendation,

15 | the petition may be resolved on the existing state court record.

16 | **CERTIFICATE OF APPEALABILITY**

17 | A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

18 | court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

19 | from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue

20 | . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right."

21 | 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason

22 | could disagree with the district court's resolution of his constitutional claims or that jurists could

23 |

24 |

1  conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

2  *El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

3       No jurist of reason could disagree with this Court's evaluation of petitioner's claims or

4  would conclude the issues presented in the petition should proceed further. Therefore, the Court

5  concludes that petitioner is not entitled to a certificate of appealability with respect to this

6  petition.

**OTHER PENDING MOTIONS**

8       Petitioner also filed a motion requested the Court rule on the petition. Dkt. 10. Petitioner

9  argues that respondent failed to provide legal cause for petitioner's arrest and detainment. Dkt.

10  10. As discussed above, the Court concludes that the petition is unexhausted and recommends

11  that it be dismissed without prejudice. Accordingly, the Court recommends that petitioner's

12  requesting the Court rule on the petition (Dkt. 10) be denied without prejudice as moot.

13

14

15

16

17

18

19

20

21

22

23

24

**CONCLUSION**

The Court recommends that the petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. Petitioner's other pending motion (Dkt. 10) should be denied as moot without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 23, 2019, as noted in the caption.

Dated this 29th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge